**GREENBERG TRAURIG, LLP**
Rebekah S. Guyon (SBN 291037)
GuyonR@gtlaw.com
Adam M. Korn (SBN 333270)
Adam.Korn@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: 310-586-7700

Mark A. Salky (*pro hac vice* application forthcoming)
Mark.Salky@gtlaw.com
333 SE 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: 305-579-0816

Attorneys for Defendant
Verint Systems Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KELLY MUSQUIZ, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CALIFORNIA PHYSICIANS' SERVICE D/B/A BLUE SHIELD OF CALIFORNIA and VERINT SYSTEMS INC.,<br><br>*Defendants*. | CASE NO. 2:24-cv-07199<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1332(d) & 1441(a)**<br><br>Action Filed: July 2, 2024<br>Complaint Received: July 24, 2024 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE THAT Defendant Verint Systems Inc. ("Verint") hereby removes the above-captioned action, *Musquiz v. California Physicians' Service et al.,* Case No. 30-2024-01410995-CU-NP-CXC (the "State Action"), from the Superior Court of California, County of Orange, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(d) and 1441(a). Verint denies the allegations and relief sought by Plaintiff, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor.

Verint reserves its right to assert all defenses provided under Federal Rule of Civil Procedure 12(b) and under applicable state and federal law, including the right to contest personal jurisdiction over Verint. *See Maplebrook Townhomes LLC v. Greenbank*, No. 10-CV-03688-LHK, 2010 WL 4704472, at *4 (N.D. Cal. Nov. 12, 2010) ("[T]he United States Supreme Court has held that a removal to federal court counts as a special appearance and does not waive the right to object to personal jurisdiction." (citing *Wabash W. Ry. v. Brow*, 164 U.S. 271, 278-79 (1896)).

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where the putative class size exceeds 100 persons, and where the amount placed in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## REMOVAL VENUE

2. The State Action was filed in the Superior Court of the State of California for

the County of Orange. Venue properly lies in the United States District Court for the Central District of California in the Southern Division pursuant to 28 U.S.C. §§ 84(c)(3), 1391, and 1441(a).

**SERVICE ON THE STATE COURT**

3. Pursuant to 28 U.S.C. §1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Orange County Superior Court.

**BACKGROUND**

4. On July 2, 2024, Plaintiff Kelly Musquiz ("Plaintiff") filed the Complaint in the State Action against Verint and Co-Defendant California Physicians' Service d/b/a Blue Shield of California ("Blue Shield").

5. In the Complaint, Plaintiff asserts that her allegedly confidential telephone calls to Blue Shield's call center about her allegedly "sensitive healthcare information" were recorded and shared with Verint pursuant to Blue Shield's alleged use of Verint's Speech Analytics software. *See* Complaint ("Compl."), ¶¶ 1-45, annexed hereto as Exhibit A. Plaintiff brings this action on behalf of herself and a putative class of California residents, and she asserts that this conduct violates the California Invasion of Privacy Act ("CIPA"), prohibitions against wiretapping, recording of a confidential communication, and recording of a telephone call, Cal. Penal Code §§ 631, 632, and 637, and constitutes a violation of her common law right to privacy and a breach of quasi-contract. *Id.* ¶¶ 52-122.

6. Pursuant to 28 U.S.C. § 1446(a), attached to this Notice are true copies of all process, pleadings, and orders served upon Verint in the State Action (Exhibit A). For the Court's ease of reference, also attached is the remainder of the State Action file (Exhibit B).

**TIMELINESS OF REMOVAL**

7. This Notice of Removal is timely because it is filed within 30 days from service of process on Verint, which is the date that the Complaint was received by Verint.

8. Verint received a copy of the Complaint on July 24, 2024, when it was served by personal service on its registered agent. Verint also received as part of the service of process package a copy of the Summons, Civil Case Cover Sheet, and Alternative Dispute Resolution Information Package.

## ALL DEFENDANTS CONSENT TO REMOVAL

9. Verint met and conferred on the afternoon of August 23, 2024 with Defendant California Physicians' Service D/B/A Blue Shield Of California, which consents to removal.

## THE CENTRAL DISTRICT OF CALIFORNIA HAS ORIGINAL JURISDICTION OVER THE STATE ACTION PURSUANT TO CAFA

10. Under CAFA, a federal district court has jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which [] any member of a class of plaintiffs is a citizen of a State different from any defendant," so long as the class has more than 100 members. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B).

11. Contrary to other grounds for removal, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

12. "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* (quoting S. Rep. No. 109-14, at 43).

13. To meet the amount in controversy requirement under CAFA, a removing defendant must plausibly assert that the amount in controversy exceeds $5,000,000.00 and, in removal based on diversity, that minimum diversity exists; meaning at least one prospective class member is diverse from at least one defendant. *Ibarra v. Manheim Investments, Inc.*, 775 F. 3d 1193, 1197 (9th Cir. 2015).

14. This requires only a "short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a); *Dart*, 135 S. Ct. at 553-54.

**A. *The Diversity Requirement is Met in this Case.***

15. As noted above, in cases invoking CAFA, minimum diversity exists when at least one prospective class member is diverse from at least one defendant. 28 U.S.C. § 1332(d)(2)(A). For CAFA removal, "[c]itizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of filing of the complaint or amended complaint, or, if the case stated by the initial pleading is not subject to Federal jurisdiction, as of the date of service by plaintiffs of an amended pleading, motion, or other paper, indicating the existence of Federal jurisdiction." *Id.*, § 1332(d)(7).

16. Plaintiff alleges she is domiciled in Anaheim, California. Compl. ¶ 7. Blue Shield is a California corporation with its principal place of business in Oakland, California. *Id.* ¶ 8. Verint is a Delaware corporation, with its principal place of business in Melville, New York. *Id.* ¶ 9. Therefore, at least one putative class member, Plaintiff, is diverse from at least one defendant, Verint. 28 U.S.C.§ 1332(d)(2)(A).

17. Moreover, Plaintiff alleges that the proposed class consists of "all California residents who called or were called by a company that uses Verint's call monitoring and recording products, and who did not consent to Verint intercepting, listening to, and/or recording the call." Compl. ¶ 52.

18. Significantly, the Complaint does not limit the class to California citizens, but to California ***residents***. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.,* 265 F. 3d 853, 857 (9th Cir. 2001). As the Ninth Circuit explained in *Kanter*, an individual "residing in a given state is not necessarily domiciled there, and thus, is not necessarily a citizen of that state." *Id.* (citing *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957)); *see also Doe v. PHE, Inc.*, No. 2:24-CV-01065-RGK-SK, 2024 WL 1639149, at *2 (C.D. Cal. Apr. 15, 2024) ("State citizenship is determined by a person's domicile, not their residence. . . . Being a mere resident in a state does not necessarily mean one is domiciled in that state."). That the class

is comprised of plaintiffs who *reside* in California does not establish that each of its members are *citizens* of California for the purposes of analyzing diversity of citizenship.

19. The Ninth Circuit has held that residence is not prima facie evidence of citizenship. *Mondragon v. Capital One Auto Finance*, 736 F.3d 880 (9th Cir. 2013). To the contrary, allegations like those Plaintiff asserts here have been held to evidence that a putative class is *not* limited to California citizens. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (holding that CAFA's minimum diversity requirement met where "complaint describ[ed] the class as 'all California individuals, businesses and other entities who accepted Visa-branded cards *in California* since January 1, 2004'" because "the class, on its face, included many non-citizens of California." (emphasis added)); *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806 (9th Cir. 2017) (holding that a complaint defining the class as "all individuals who worked for [CFL] *in California* as Truck Drivers and who were classified [] as independent contractors" met the minimum jurisdiction requirement of CAFA (emphasis added)); *see also PHE, Inc.*, 2024 WL 1639149, at *2 ("Plaintiff contends the California citizenship requirement is satisfied because the class is 'comprised solely of California residents.' . . . The citizenship requirement is not satisfied because Plaintiff provides no independent evidence regarding class members' citizenship").

20. Minimum diversity exists here because the class encompasses not only California citizens "who called or were called by a company that uses Verint's call monitoring and recording products" (Compl. ¶ 52), but also includes non-citizen residents such as members of the military, out-of-state students, owners of second homes, other temporary residents, and persons who otherwise reside in California but are not citizens of the State. *See Mondragon*, 736 F.3d at 884.

21. Minimum diversity therefore exists.

**B. *The Alleged Class in This Case Has More Than 100 Members.***

22. CAFA applies to cases in which the number of members of a proposed class is more than 100. 28 U.S.C. § 1332(d)(5)(B).

23. Plaintiff alleges there are "thousands of Class Members or more." Compl. ¶ 54.

24. Therefore, Plaintiff's proposed class contains at least 100 members.

### C. *The Amount in Controversy Exceeds the Sum or Value of $5,000,000 Exclusive of Interest and Costs.*

25. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021) (citing *Dart*, 135 S. Ct. at 554).

26. In assessing the amount in controversy, the court considers the allegations in the complaint. *Gonzalez v. Comenity Bank,* No. 119CV00348AWIEPG, 2019 WL 5304925, at *4 (E.D. Cal. Oct. 21, 2019). The amount in controversy reflects the maximum amount a plaintiff asserts he could recover by way of the complaint and is not a judicial admission regarding liability. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). In calculating the amount placed in controversy, defenses that a defendant may assert—such as a statute of limitations—are not considered. *Riggins v. Riggins*, 415 F.2d 1259, 1262 (9th Cir. 1969) ("[T]he possibility of such a defense being valid does not affect the jurisdiction of the district court to hear and determine the controversy"); *Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, *10 (C.D. Cal., June 22, 2012) ("the fact that [defendant] may assert a limitations defense does not limit the relief sought in the complaint"); *Lara v. Trimac Transp. Services (Western) Inc.*, 2010 WL 3119366, *3 (C.D. Cal., August 6, 2010) ("affirmative defenses . . . may not be invoked to demonstrate that the amount in controversy is actually less than the jurisdictional limits.").

27. Where the complaint does not plead a specific amount in controversy, a "defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Deaver v. BBVA Compass Consulting & Benefits, Inc.*, No. 13-CV-00222-JSC, 2014 WL 2199645, at *11 (N.D. Cal. May 27, 2014) ("As Defendants have demonstrated by a preponderance of the evidence that the CAFA amount in controversy is satisfied, this lawsuit may remain in

federal court.”). Under the preponderance of the evidence standard, a defendant simply must show that it is “more likely than not” that the jurisdictional threshold is met. *Ray v. Wells Fargo Bank, NA.*, 2011 WL 1790123, at *13 (C.D. Cal. May 9,2011) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404, (9th Cir. 1996)). A defendant is thus not obligated “to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation.” *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007).

28. Here, Plaintiff alleges “the amount in controversy exceeds $5,000,000, exclusive of interest and costs . . . .” Compl. ¶ 11.

29. Plaintiff also seeks statutory damages of $5,000 “*per violation*” of three separate sections of CIPA (Cal. Penal Code §§ 631, 632, and 632.7), on behalf of herself and the members of the putative class, which she alleges to be in the “thousands” or “more.” *Id.* ¶¶ 54, 70, 80, 90.

30. Section 637.2(a)(1) of the California Penal Code provides: “*Any person* who has been injured by a violation of this chapter may bring an action against the person who committed the violation for *the greater of the following amounts*: (1) *Five thousand dollars ($5,000) per violation*[] [or] (2) Three times the amount of actual damages, if any, sustained by the plaintiff.” (Emphasis added).

31. Although Verint specifically denies liability on whatever legal or factual theory Plaintiff asserts, Verint has a reasonable, good faith belief that the amount in controversy alleged by Plaintiff exceeds $5,000,000.00. If Plaintiff’s allegations were true, the potential recovery would far exceed $5,000,000. *See Lewis v. Verizon Commc’ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (“The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant’s] liability”); *Turner v. Northrop Grumman Corp.*, No. CV 23-3756 PA (PDX), 2023 WL 4560998, at *4 (C.D. Cal. July 17, 2023) (denying plaintiff’s motion to remand because, *inter alia*, “[t]he amount in controversy ‘encompasses all relief a court may grant . . . if the plaintiff is victorious,’

and represents 'the maximum recovery the plaintiff could reasonably recover.'") (citation omitted).

32. If limited to only Blue Shield—with an alleged "4.5 million" members in this State, *see id.* ¶ 9—the number of California residents alleged to have suffered a CIPA violation based on Blue Shield's and Verint's alleged conduct well exceeds one thousand, which is the minimum number of persons required to meet the amount in controversy of $5,000,000 in statutory damages alone if one assumes only one CIPA violation per individual.

33. As such, the $5,000,000 jurisdictional threshold is easily met. Therefore, jurisdiction in the Central District of California is proper under 28 U.S.C. §§ 1332(d).

## **CONCLUSION**

34. For the foregoing reasons, removal pursuant to 28 U.S.C. § 1332(d) is proper.[1]

35. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California for the County of Orange.

36. Pursuant to 28 U.S.C. § 1446(d), Verint is providing written notice of the removal of this action to Plaintiff by serving Plaintiff's counsel by email and U.S. mail.

37. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Verint are being filed with the Court contemporaneously with this Notice of Removal.

38. By filing this Notice of Removal, Verint does not waive any defenses available under the law.

39. Verint does not concede that the allegations in Plaintiff's Complaint are accurate, or that Plaintiff is entitled to damages, equitable relief, attorneys' fees and costs, or any other form of relief.

---

[1] Verint reserves the right to present additional evidentiary support should Plaintiff challenge federal jurisdiction. *See Dart*, 135 S. Ct. at 554 ("[e]vidence establishing the [jurisdictional] amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation" that the amount in controversy exceeds the jurisdictional threshold).

THEREFORE, Defendant Verint removes this action to this Court from the Superior Court of the State of California, County of Orange.

Respectfully submitted,

Dated: August 23, 2024

GREENBERG TRAURIG, LLP

By: /s/Rebekah S. Guyon
Rebekah S. Guyon
*GuyonR@gtlaw.com*
Attorneys for Defendant
Verint Systems Inc.

## PROOF OF SERVICE

I am a citizen of the United States and am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, Los Angeles, California 90067; Email: sharifih@gtlaw.com.**

On August 23, 2024, I served the **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1332(d) & 1441(a)** on the interested parties in this action by placing the true copy thereof, enclosed in a sealed envelope, postage prepaid, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **(BY FIRST CLASS MAIL)**

I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service. The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐ **BY PERSONAL SERVICE**: I arranged to have said document(s) hand served.

☐ **(BY OVERNIGHT COURIER)**

I deposited such envelope for collection and delivery by an overnight courier service with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the firm's practice of collection and processing packages for overnight delivery by an overnight courier service. They are deposited with a facility regularly maintained by the overnight courier service for receipt on the same day in the ordinary course of business.

☒ **(BY E-MAIL)**

By transmitting via e-mail the document(s) listed above to the addresses set forth above on this date before 5:00 p.m. This method of service was made pursuant to the agreement of counsel.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

*/s/ Haleh Sharifi*
Haleh Sharifi

## SERVICE LIST

Stephen Andrews (Cal. Bar No. 354327)
Christin Cho (Cal. Bar No. 238173)
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069
Email: stephen@dovel.com
christin@dovel.com
elizabeth@dovel.com
rick@dovel.com

*Attorneys for Plaintiff Kelly Musquiz*

Paul G. Karlsgodt
Teresa C. Chow
Baker & Hostetler LLP,
11601 Wilshire Blvd Ste 1400
Los Angeles, CA 90025
Email: *pkarlsgodt@bakerlaw.com*
*tchow@bakerlaw.com*

*Attorneys for Defendant California Physicians' Service d/b/a Blue Shield of California*